IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHASTA CASEY HOWELL-MCCALLUM,

                Petitioner,

v.                                                   OPINION and ORDER

STATE OF WISCONSIN,                           24-cv-415-wmc

                Respondent.

---

Petitioner Shasta Howell-McCallum, a Wisconsin state pre-trial detainee, has filed a petition for a writ of habeas corpus asking this court to release her from custody and direct state officials to dismiss criminal charges pending against her. She is currently detained in Rock County Jail awaiting trial for escape charges in Case. No. 2023CF1203, as well as withheld sentences in several other cases.

Criminal defendants detained by a state awaiting trial may seek a writ of habeas corpus from federal courts in limited circumstances. 28 U.S.C. § 2241(c)(3); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Exceptions to the abstention requirement include speedy trial and double jeopardy claims in circumstances in which immediate federal intervention is necessary to avoid rendering the challenge moot, but only after the petitioner exhausted state court remedies. *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009); *see also Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). Exceptional circumstances also exist when the pending state court proceeding is motivated by a desire to harass or is conducted in bad faith. *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596-97 (7th Cir. 2007) (citing *Younger*, 401 U.S. at

49).  Relevant here, exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" *Younger*, 401 U.S. at 49 (citing *Douglas v. City of Jeannette*, 319 U.S. 157, 164 (1943)).

Petitioner has not raised speedy trial or double jeopardy issues.  Nor has she shown that the criminal proceedings in state court are motivated by harassment, bias, or bad faith.  Instead, petitioner asks this court to enjoin the ongoing state court proceedings because she believes the state court lacks personal jurisdiction over her and because convictions from prior criminal cases are invalid.  But petitioner can raise jurisdictional challenges, however frivolous, at both the circuit court and appellate court levels.  And as for her challenges to previous state convictions, she cannot challenge those in a habeas petition in this court without first exhausting all of her state court remedies, including filing direct appeals or state habeas petitions, where appropriate.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994).  Accordingly, petitioner has not shown that she requires this court's intervention in her ongoing state criminal proceedings, so this court will abstain from deciding the merits of her petition and dismiss it without prejudice.

ORDER

IT IS ORDERED that petitioner Shasta Howell-McCallum's petition for a writ of habeas corpus is DENIED, and this case is dismissed without prejudice.  The clerk of court is directed to close this case.

Entered August 21, 2024.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge